**UNITED STATES of America, Plaintiff,**

v.

**Gerald PETERSON, Defendant.**

**Cr. No. 153–57.**

United States District Court D. Utah,

Central Division.

Feb. 10, 1959.

---

**252**

A. Pratt Kesler, U. S. Atty., and C. Nelson Day, Asst. U. S. Atty., for the Dist. of Utah, Salt Lake City, Utah, for plaintiff.

Joseph W. Boone, Salt Lake City, Utah, for defendant.

CHRISTENSON, District Judge.

On October 21, 1957, defendant was committed to serve a sentence of seven years imprisonment for violating Section 4742(a), Title 26 U.S.C., by unlawfully transferring marihuana, of which offense he had been found guilty by a jury. He has filed a motion for new trial on the ground of newly discovered evidence, relying upon circumstances heretofore held by me to justify the granting of new trials in criminal cases. No. Cr–151–57, United States of America v. Dorothy Pearce and Dale Pearce, and No. Cr–152–57, United States of America v. Manuel Romo. The other defendants denied making the transfers, but Peterson at the trial admitted the transfer and defended upon the ground of entrapment.

■ Without any feeling that the record at the present time would justify a finding of entrapment as a matter of law under the doctrine of Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848, I am yet of the opinion that this authority makes clear that the court should be especially sensitive to any overreaching on the part of the Government in this particular area of the law. The question of the informer's motives was perhaps more important in the present case than in the other cases mentioned.

The implications of the Sherman case, the prior disposition of companion cases, the admittedly incorrect or false testimony of the informer concerning his previous commission of a felony, and his failure to disclose the pendency of other prosecutions against him which were later dismissed following his testimony, in combination lead me to believe that I should grant a new trial, although singly any one reason might hardly justify it.

■ If informers are to be used, says the Supreme Court in its most recent pronouncement on the subject, they cannot effectually induce the crime, even through one with prior criminal background, without giving rise as a matter of law to the defense of entrapment. It would seem to fall within the rationale of this decision that neither should the Government by failure to make appropriate disclosure of facts peculiarly within its knowledge and necessary for a fair appraisal of the informer's part in any claimed inducement, preclude reasonable inquiry into the question of entrapment.

It is true that in this case counsel for the Government was in ignorance of the

undisclosed matters; but the narcotics agent was not, nor was the informer. They, too, in a sense, were acting for the Government at the trial. Upon their testimony the conviction of the defendant as against the defense of entrapment largely depended.

Responsibility for a fair disclosure cannot be placed entirely upon defendant's counsel who failed to pinpoint in his questions the precise subject matter now revealed. He did ask what arrangements the informer had with the narcotics agent, and the informer, as well as the narcotics agent, did mention that the former was receiving $5 a day expense money, and had been brought in by police for questioning on another matter. Neither, however, mentioned that, unknown to defendant and his counsel, the informer at the time of his testimony against the defendant had two criminal charges pending against him. Nor were related circumstances mentioned from which it might have been inferred that in the informer's mind the subsequent dismissal of these charges (which actually later occurred) depended upon his making a case for the prosecution. The jury indeed, could, have determined that there was no entrapment even though there had been a fair disclosure. What I suggest, however, is that within the public policy which recognizes the defense of entrapment there may be at least some requirement (apart from the usual rules governing the responsibility of defense counsel) for the Government not to conceal information peculiarly within its knowledge and necessary for a fair appraisal of that defense. The use of informers, necessary and salutary as it is, is normallly attended with enough questionable features at best, without so compounding them.

In any event, in the interest of circumspect law enforcement, and paraphrasing the statement of Mr. Justice Holmes quoted in the concurring opinion in Sherman v. United States, supra, 356 U.S. at page 380, 78 S.Ct. at page 824, better the expense of a new trial than that the Government, wittingly or unwittingly, should play an ignoble part.

The defendant's motion for new trial is hereby granted.